**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 25-4192

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KINTE FISHER,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:22-cr-00101-D-RN-1)

───────────────

Submitted:  November 13, 2025                    Decided:  January 15, 2026

───────────────

Before RICHARDSON, BENJAMIN, and BERNER, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Mark R. Sigmon, MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kinte Ladrell Fisher pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). The district court sentenced Fisher to 240 months' imprisonment and 3 years of supervised release. Fisher's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as an issue whether the 240-month prison term is substantively reasonable. Fisher was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Fisher's plea agreement, the Government has moved to dismiss the appeal. Fisher's counsel has filed a response opposing the motion.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court

2

questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable.  *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record, the brief filed by Fisher's counsel, and the submissions relative to the Government's dismissal effort and conclude that Fisher knowingly and voluntarily waived his rights to appeal his conviction and "whatever sentence is imposed on any ground" and reserved only the rights to raise appellate claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea.  The challenge to Fisher's 240-month prison term that counsel raises in the *Anders* brief falls squarely within the scope of Fisher's valid waiver of appellate rights.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss this appeal.  This court requires that counsel inform Fisher, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fisher requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fisher.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3